IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01826-BNB

JUAN CANDELARIA,

Applicant,

v.

MICHAEL ARELLANO (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

Applicant, Juan Candelaria, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Candelaria initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 17, 2008, Mr. Candelaria filed an amended application for a writ of habeas corpus on the proper form.

The court must construe the amended application liberally because Mr. Candelaria is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Candelaria will be ordered to file a second amended application.

The court has reviewed the amended habeas corpus application and finds that the amended application is deficient because Mr. Candelaria fails to assert specific

facts in support of his claims that demonstrate his federal constitutional rights have been violated. Instead, Mr. Candelaria makes only a vague and conclusory allegation that his rights have been violated. Mr. Candelaria specifically claims that his rights to due process, to trial by a fair and impartial jury, to present a defense, and to the effective assistance of counsel were violated. His entire argument in support of these claims is that "THE JURY'S VERDICTS IN THIS CASE WAS [sic] LEGALLY AND LOGICALLY INCONSTITENT [sic]." (Am. App. for a Writ of Habeas Corpus at 5.) Mr. Candelaria does not explain how the jury verdicts were inconsistent or how the allegedly inconsistent jury verdicts violated the rights he believes were violated.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Candelaria go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Candelaria will be ordered to file a second amended application in which he provides specific facts in support of the claims he is asserting. Accordingly, it is

ORDERED that Mr. Candelaria file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Candelaria, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

2

FURTHER ORDERED that if Mr. Candelaria fails within the time allowed to file a second amended application that complies with this order as directed, the action will be dismissed without further notice.

DATED September 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01826-BNB

Juan Candelaria
Prisoner No. 111071
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 6C-101
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 9/23/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk